UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEANNA KOEHN,

    Plaintiff,

v.

PALACE SPORTS & ENTERTAINMENT, INC.,

    Defendant.
_____/

Case No. 22-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, DEANNA KOEHN, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, PALACE SPORTS & ENTERTAINMENT, INC., stating as follows:

## COMMON ALLEGATIONS

1.    That Plaintiff is a resident of Huron County, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That Defendant is a domestic profit corporation authorized to conduct business and doing so in Oakland County, Michigan and is otherwise domiciled in the State of Michigan.

3. That this cause of action arises out of transactions and occurrences that occurred within Oakland County, State of Michigan.

4. That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to

5. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

6. That Defendant owns the Pine Knob Music Theatre located at 33 Bob Seger Drive, Clarkston, Michigan 48348.

7. That Plaintiff experiences several physical disabilities, including significant history of back and neck issues, chronic obstructive pulmonary disease requiring oxygen, and a brain tumor.

8. That due to Plaintiff's disabilities, she utilizes a disability parking placard.

9. That on or about July 29, 2021, Plaintiff traveled to Defendant's Pine Knob Music Theatre to attend a Black Crowes concert.

10. That drove herself and four other individuals to the concert.

11. That when Plaintiff arrived, she proceeded to park in a disability parking space as she had a special registration plate and could not walk long distances.

12. That when Plaintiff parked, Plaintiff exited her vehicle and went to put her purse in her trunk.

13. That while Plaintiff was outside her vehicle, an individual who was monitoring parking and sitting in a booth instructed Plaintiff to move her vehicle.

14. That despite the fact that Plaintiff was appropriately parked in a disability parking spot, the parking attendant had inappropriately parked his vehicle in a no parking zone, blocking a lane of traffic and requiring other motorists inside the parking lot to drive across the disability parking spot.

15. That Plaintiff protested moving her car, stating that there was a legal disability parking spot and she had a license plate stating she could park there.

16. That the parking attendant stated she had to move because other vehicles could not get through.

17. That Plaintiff returned to her vehicle and the parking attendant directed her to further away and near a dumpster.

18. That Plaintiff subsequently attended the concert.

19. That by the time Plaintiff returned to her vehicle, it was dark in Defendant's parking lot and there was not a light located near the area in which her

vehicle was parked.

20. That Plaintiff traveled to the rear of her vehicle to retrieve her purse from the trunk.

21. That unbeknownst to Plaintiff, where the pavement met the grass behind her vehicle, Defendant had placed several pieces of concrete that were painted black.

22. That by painting the concrete black, Defendant made it extremely difficult, if not impossible, to observe in the nighttime hours.

23. That Defendant created a situation that would not be readily observable by causal inspection that would give rise to a significant tripping hazard.

24. That Defendant further failed to permit Plaintiff to utilize a disability parking spot in which Plaintiff would not face a similar hazard.

25. That as Plaintiff went to her trunk, she tripped over the black concrete pieces and injured her knee.

26. That by tripping in the manner that she did, Plaintiff had injured and twisted her knee such that she tore her meniscus tendon.

27. That due to Plaintiff's comorbid medical issues, Plaintiff is unable to undergo a surgical repair of said meniscus tear.

28. That as such, Plaintiff must deal with persistent and chronic pain without relief.

29. That Defendant's actions constitute violations of the Americans with Disabilities Act.

30. That Defendant's actions constitute violations of the Michigan Persons with Disabilities Civil Rights Act.

31. That Defendant's actions constitute negligence in violation of Michigan common law.

32. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain severe physical injuries, including, but not limited to, meniscus tendon tear, acute and chronic knee pain, and other physical trauma along with any and all sequelae of the aforementioned conditions.

33. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, past and future medical expenses, durable medical equipment expenses, medical supply expenses, other healthcare expenses, and incidental and consequential damages.

34. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, pain and suffering, mortification, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

35. That Plaintiff hereby claims any and all damages for injuries and/or losses caused by Defendant, including reasonable attorney fees, litigation expenses, and costs, pursuant to 42 U.S.C. § 12205 and M.C.L. § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

36. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 35 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

37. That Title III of the Americans with Disabilities Act provides:

> No individuals shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

38. That at all times material hereto, Plaintiff had a disability as defined by the Act. 42 U.S.C. § 12102.

39. That at all times material hereto, Defendant owned and/or operated a theater, concert hall, or other place of exhibition or entertainment, which constitutes

a place of public accommodation. 42 U.S.C. § 12181(7)(C).

40. That Defendant failed to permit Plaintiff to park in a disability parking spot that was readily available.

41. That Defendant otherwise failed to have the minimum number of accessible disability parking spaces in violation of Department of Justice Americans with Disabilities Act standards.

42. That Defendant failed to have accessible disability parking spaces located on the shortest accessible route from those parking spaces to Defendant's venue's entrance.

43. That Defendant discriminate against Plaintiff in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations of the Pine Knob Music Theatre.

44. That Defendant's actions constitute violations of the Americans with Disabilities Act.

45. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain severe physical injuries, including, but not limited to, meniscus tendon tear, acute and chronic knee pain, and other physical trauma along with any and all sequelae of the aforementioned conditions.

46. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not

limited to, past and future medical expenses, durable medical equipment expenses, medical supply expenses, other healthcare expenses, and incidental and consequential damages.

47.   That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, pain and suffering, mortification, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

48.   That Plaintiff hereby claims any and all damages for injuries and/or losses caused by Defendant, including reasonable attorney fees, litigation expenses, and costs, pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – VIOLATIONS OF PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

49.   That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 35 of her Common Allegations and paragraphs 36 through 48 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

50. That the Michigan Persons with Disabilities Civil Rights Act provides that a person shall not:

> Deny any individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids.

M.C.L. § 37.1302(a).

51. That at all times material hereto, Plaintiff had a disability as defined by the Act. M.C.L. § 37.1103(d).

52. That at all times material hereto, Defendant was a place of public accommodation as defined by the Act. M.C.L. § 37.1301(a).

53. That Defendant denied Plaintiff the fully and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Pine Knob Music Theatre.

54. That Defendant failed to permit Plaintiff to park in a disability parking spot that was readily available.

55. That Defendant otherwise failed to have the minimum number of accessible disability parking spaces in violation of Department of Justice Americans with Disabilities Act standards.

56. That Defendant failed to have accessible disability parking spaces

located on the shortest accessible route from those parking spaces to Defendant's venue's entrance.

57. That Defendant's actions constitute violations of the Michigan Persons with Disabilities Civil Rights Act.

58. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain severe physical injuries, including, but not limited to, meniscus tendon tear, acute and chronic knee pain, and other physical trauma along with any and all sequelae of the aforementioned conditions.

59. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, past and future medical expenses, durable medical equipment expenses, medical supply expenses, other healthcare expenses, and incidental and consequential damages.

60. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, pain and suffering, mortification, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

61. That Plaintiff hereby claims any and all damages for injuries and/or losses caused by Defendant, including reasonable attorney fees, litigation expenses,

and costs, pursuant to M.C.L. § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT III - NEGLIGENCE

62. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 35 of her Common Allegations, paragraphs 36 through 48 of Count I, and paragraphs 49 through 61 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

63. That Defendant owned or possessed the land upon which Pine Knob Music Theatre is located.

64. That as landowners and/or possessors of land, Defendant owed a duty to invitees to make its property reasonably safe and free from all hazards and/or to warn an invitee of the dangerous conditions that then existed upon its premises.

65. That at all times material hereto, Plaintiff was a business invitee.

66. That Defendant breached said duty by permitting a dangerous condition to exist on its property.

67. That said dangerous condition was pieces of concrete painted black placed behind parking spots in which Defendant's agents directed invitees, including

Plaintiff, to park.

68. That Defendant placed said pieces of concrete on its property and it is not a natural condition of the land.

69. That as Defendant placed said pieces of concrete on its property and painted those pieces of concrete black, it had notice of the dangerous condition.

70. That the risk of harm posed by the painted-black concrete was not open and obvious.

71. That the dangerous condition further had special aspects that created an unreasonable risk of harm to Plaintiff.

72. That Defendant further had a duty to comply with the Department of Justice ADA standards.

73. That Defendant's violations of ADA standards is evidence of Defendant's negligence.

74. That at all times material hereto, Plaintiff was free from any wrongdoing and/or negligence.

75. That Defendant's actions constitute negligence in violation of Michigan common law.

76. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain severe physical injuries, including, but not limited to, meniscus tendon tear, acute and chronic knee pain, and other physical

trauma along with any and all sequelae of the aforementioned conditions.

77. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain economic damages, including, but not limited to, past and future medical expenses, durable medical equipment expenses, medical supply expenses, other healthcare expenses, and incidental and consequential damages.

78. That as a direct and proximate result of Defendant's actions, Plaintiff has sustained and will continue to sustain noneconomic damages, including, but not limited to, pain and suffering, mortification, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

79. That Plaintiff hereby claims any and all damages for injuries and/or losses caused by Defendant, including reasonable attorney fees, litigation expenses, and costs, pursuant to 42 U.S.C. § 12205 and M.C.L. § 37.1606.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

                                                  Respectfully submitted,
                                                  THE MASTROMARCO FIRM

Dated: <u>August 1, 2022</u>        By:    */s/ Victor J. Mastromarco, Jr.*
                                                  VICTOR J. MASTROMARCO, JR. (P34564)
                                                  KEVIN J. KELLY (P74546)
                                                  Attorneys for Plaintiff
                                                  1024 N. Michigan Avenue
                                                  Saginaw, Michigan 48602
                                                  (989) 752-1414
                                                  vmastromarco@mastromarcofirm.com
                                                  kkelly@mastromarcofirm.com

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, DEEANA KOEHN, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury for all the above issues, unless otherwise expressly waived.

                Respectfully submitted,
                THE MASTROMARCO FIRM

Dated: August 4 2022      By:     */s/ Victor J. Mastromarco, Jr.*
                                                VICTOR J. MASTROMARCO, JR. (P34564)
                                               KEVIN J. KELLY (P74546)
                                               Attorneys for Plaintiff
                                               1024 N. Michigan Avenue
                                               Saginaw, Michigan 48602
                                               (989) 752-1414
                                               vmastromarco@mastromarcofirm.com
                                               kkelly@mastromarcofirm.com