UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEANNA KOEHN,

        Plaintiff,                          Case No. 1:22-cv-11848

v.                                          Honorable Thomas L. Ludington
                                              United States District Judge
313 PRESENTS, LLC et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING TWO OF THREE DEFENDANTS WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

This is a negligence case that Plaintiff Deanna Koehn filed against Defendants for injuries she sustained after tripping over a black cement block in the dark of night behind her car at the Pine Knob Music Theatre after a Black Crowes concert. Plaintiff first sued Palace Sports & Entertainment, Inc. ECF No. 1.

On September 28, 2022, Plaintiff filed an amended complaint against 313 Presents, LLC and Palace Sports & Entertainment, LLC. ECF No. 3.

Thus, Plaintiff had until December 27, 2022, to perfect service of process on Defendants. *See* FED. R. CIV. P. 4(m) ("[I]f a defendant is not served within 90 days after the complaint is filed, [then] the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Two weeks before service of process was due, this Court directed Plaintiff to show cause, on or before December 28, 2022, why the case should not be dismissed with respect to Palace Sports & Entertainment for failure to prosecute. ECF No. 7.

To avoid dismissal, Plaintiff must have demonstrated good cause for failing to serve process on Defendant. *Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (citation

omitted). "[C]ounsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Id.* (collecting cases); *accord Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324 (E.D. Mich. 2001) ("[I]nadvertence and miscommunication . . . are not enough to establish good cause."). Good cause may be satisfied by "a reasonable and diligent effort to effect service." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (citation omitted); *accord Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019) ("Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs."). "[I]f the plaintiff shows good cause for the failure, [then] the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

Plaintiff has not demonstrated good cause. True, on December 14, 2022, she filed proof that she served a summons on Defendant 313 Presents, LLC. ECF No. 8 at PageID.57.[1] But, the day after the show-cause deadline, she voluntarily dismissed her claims against Palace Sports & Entertainment, Inc., *see* ECF No. 10, and then requested and served a second summons on 313 Presents, LLC, *see* ECF Nos. 11 at PageID.63; 12. Yet she has still not responded to the show-cause order or served a summons on either Palace Sports & Entertainment, Inc. or Palace Sports & Entertainment, LLC.

Although Plaintiff's failure to serve process was likely due to inadvertence, she could have demonstrated good cause through diligence by, for example, ordering a new summons or serving process on either Palace Sports & Entertainment, Inc. or Palace Sports & Entertainment, LLC. *E.g.*, *Habib*, 15 F.3d at 75 (reversing district court's finding of lack of good cause because plaintiff

---

[1] Confusingly, the summons was issued for Palace Sports & Entertainment, Inc., *see* ECF No. 8 at PageID.56, but Plaintiff served it on the resident agent of 313 Presents LLC, *see id.* at PageID.57.

"immediately attempted to make service with the magistrate's instructions"). As yet, Plaintiff has made no attempt to serve process—even after being directed to show cause for failure to prosecute.

Similarly, the service of process that Plaintiff twice made on Defendant 313 Presents is not sufficient service of process of Palace Sports & Entertainment, Inc. or Palace Sports & Entertainment, LLC. They have different agents for purposes of service of process. Michigan's business registry lists "SUSAN GREENFIELD" and "THE CORPORATION COMPANY" as the "Resident Agent" of Palace Sports & Entertainment. Mich. Dep't of Licensing and Regul. Affs., *Search for a Business Entity*, https://cofs.lara.state.mi.us/SearchApi/Search/Search (searching for "Palace Sports"). By contrast, 313 Presents lists "STANFORD BERENBAUM." *Id.* (searching for "313 Presents").[2] So, even if the Palace Defendants somehow received a copy of the summons—which the record does not demonstrate—it would not cure Plaintiff's failure to serve process on them. *See Leisure v. Ohio*, 12 F. App'x 320, 321 (6th Cir. 2001) (unpublished) ("The fact that a copy of the complaint was mailed to the defendants cannot substitute for proper service of process, as actual knowledge of a law suit will not cure defective service of process." (citing *Friedman*, 929 F.2d at 1155–56)); *see also* FED. R. CIV. P. 4(h)(1)(B) (requiring service of process of a corporation to be delivered "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"); FED. R. CIV. P. 4(h)(1)(A),

---

[2] "Courts may take 'judicial notice of an adjudicative fact' under Federal Rule of Evidence 201(b)(2)." Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 13 (2022). This Court is taking judicial notice of Defendants' resident agents because "the information . . . is verifiable in public records." *Novak v. Federspiel*, No. 1:21-CV-12008, 2022 WL 17176832, at *4 n.5 (E.D. Mich. Nov. 23, 2022) (citing *Bormuth v. Cnty. of Jackson*, 870 F.3d 494, 501 (6th Cir. 2017)), *recons. denied*, No. 1:21-CV-12008, 2022 WL 17415116 (E.D. Mich. Dec. 5, 2022), *and mot. for relief from j. denied*, No. 1:21-CV-12008, 2022 WL 17616430 (E.D. Mich. Dec. 13, 2022); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.").

(e)(1) (permitting service of process of a corporation to follow the law of "the state where the district court is located or where service is made"); Mich. Ct. R. 2.105 (listing Michigan's requirements for "manner of service" of process).

In sum, Plaintiff has neither perfected service of process nor explained her failure to do so.

"Yet, even without good cause, this Court may extend the deadline for service of process after considering the following seven factors":

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Perlick Corp. v. Glastender, Inc.*, No. 1:22-CV-10862, 2022 WL 3568983, at *2 (E.D. Mich. Aug. 18, 2022) (citing *United States v. Oakland Physicians Med. Ctr.*, 44 F.4th 565, 569 (6th Cir. 2022).

Those seven factors do not warrant an extension here. The record does not demonstrate that Palace Sports & Entertainment, Inc. or Palace Sports & Entertainment, LLC have actual notice of this case. Nor has Plaintiff alleged as much. Further, the statute of limitation would not expire. Plus, Plaintiff is not *pro se*. And, as explained earlier, she has not made any good-faith effort to perfect service of process or to explain her failure to do so. Finally, the record does not demonstrate any relevant equitable factors. Only the first two factors weigh in favor of an extension, as an extension would be slightly beyond the timely service of process and not prejudice Defendants.

But those two factors do not outweigh Plaintiff's continued inadvertence, ability to refile the case, or lack of prejudice from dismissal.

For failure to prosecute, the Amended Complaint will be dismissed against Defendants Palace Sports & Entertainment, Inc. and Palace Sports & Entertainment, LLC. FED. R. CIV. P. 4(m).

Accordingly, it is **ORDERED** that Plaintiff's Amended Complaint, ECF No. 3 is **DISMISSED WITHOUT PREJUDICE** against Palace Sports & Entertainment, Inc. and Palace Sports & Entertainment, LLC. Thus, the only remaining Defendant is 313 Presents, LLC.

**This is not a final order and does not close the above-captioned case**.

Dated: January 4, 2023                                     s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge